IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SMURFIT STONE CONTAINER CORP., | : | |
| | : | |
| Plaintiff, | : | No. 4:07-CV-1822 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| ARMACEL PROPRIETARY LTD., | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

December 27, 2007

**BACKGROUND:**

On October 5, 2007, plaintiff, Smurfit Stone Container Corp. ("Smurfit"), instituted this civil action against defendant, Armacel Proprietary Ltd. ("Armacel"). In its complaint, plaintiff seeks a declaratory judgment regarding the rights of the parties under a contract that was entered into between the parties.

On October 26, 2007, defendant filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. (Rec. Doc. No. 5.) In its motion and supporting brief, defendant argues that the court lacks subject matter jurisdiction based on a forum selection clause in the contract and also agues that service of process was insufficient. (Rec. Doc. No. 9, at 2.) Opposing and reply briefs have

been filed and the matter is ripe for disposition.  Now for the following reasons, the court will deny the motion.

**DISCUSSION:**

In its motion to dismiss, defendant makes two arguments why the complaint should be dismissed.  First, it argues that the court lacks subject matter jurisdiction due to a forum selection clause in the contract.  (Rec. Doc. No. 5, ¶ 17.)  Second, it argues that service of process was insufficient because service was effected by facsimile and mail which are not proper methods of service of process.  (Id. ¶ 24.)  Yet, we note that defendant's supporting brief does not present any legal arguments in support of its insufficiency of service of process argument and will therefore only consider its lack of subject matter jurisdiction argument.

In the instant case, plaintiff is a corporation organized under the laws of Delaware with its principal place of business in Illinois.  (Id. ¶ 2.)  Defendant is a "proprietary limited business" organized under the laws of Australia with its principal place of business in New South Wales, Australia.  (Id. ¶ 3.)  In the instant contract which is the subject of the complaint, paragraph 21.3.1 states:

> This agreement must be read and construed according to the laws of the State of New South Wales, Australia, and the parties submit to the jurisdiction of that State.  If any dispute arises between the Licensor

>and the Licensee in connection with this Agreement or the Technology, the parties will attempt to mediate the dispute in Sydney, Australia.

Finally, defendant has represented to the court that litigation has been instituted New South Wales and has included an exhibit of what appears to be an order from that case dated November 18, 2007. (Rec. Doc. No. 9, at 3, 8.) Yet, we note that in its opposition brief, plaintiff states that defendant initiated litigation in Australia on November 7, 2007, more than a month after plaintiff filed the instant complaint. (Rec. Doc. No. 10, at 5.)

Thus, the critical question for the instant motion is whether the forum selection clause set out in paragraph 21.3.1 of the contract is exclusive or permissive. As a preliminary matter, we note that despite the fact that the contract must be construed according to the laws of New South Wales, Australia, the interpretation of the forum selection clause is a procedural matter and we will therefore apply federal law, rather than Australian law, to determine its effect. Wall Street Aubrey Golf, LLC v. Aubrey, 189 Fed.Appx. 82, 84 (3d Cir. 2006) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995)).

When parties enter into a contract and merely consent to jurisdiction in a particular forum, they do not preclude the jurisdiction of other forums. Koresko v. Nationwide Life Ins. Co., 403 F.Supp.2d 394, 400 (E.D.Pa. 2005) (Robreno, J.)

On the other hand, a clear and unequivocal clause that rests exclusive jurisdiction in a particular forum will act to preclude the jurisdiction of other forums.  John Wyeth & Brother Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1074 (3d Cir. 1997). In making the determination of whether a clause operates as consent to a particular forum or the selection of an exclusive forum, the paramount consideration is the intent of the parties and the plain language of the agreement guides our construction.  Wall Street Aubrey Golf, 189 Fed.Appx. at 85 (citations omitted). Furthermore, as the court noted in Koresko, we must be wary of a party's confusing the concept of consenting to a particular venue or personal jurisdiction with the concept of selection of an exclusive forum.  403 F.Supp.2d at 400.

In the instant case, we believe that paragraph 21.3.1 does not act as a clear and unequivocal forum selection clause.  Rather, the clause appears to indicate that the parties consent to the jurisdiction of New South Wales, Australia.  In other words, either party may bring suit in New South Wales, Australia, but is not precluded from bringing suit in another jurisdiction.  If the parties had intended the clause to operate as an unequivocal forum selection clause, we believe they would have included language that indicated that any dispute must be litigated in the jurisdiction of New South Wales.  The instant contract did not include such a clause, and we therefore find that we are not precluded from exercising subject

4

matter jurisdiction on this basis.

The only remaining consideration is defendant's argument in its motion that the mediation portion of paragraph 21.3.1 requires the proceedings to be stayed until mediation occurs.  Defendant did not address this contention in its supporting brief, and we are therefore left without any legal argument for defendant's contention.  Therefore, we find that defendant has abandoned and waived this argument and we will not stay the proceedings.  See Hu v. Attorney General of U.S., 219 Fed.Appx. 254, 258 n.4 (3d Cir. 2007) (finding that an argument was waived and abandoned when it was not pursued in the argument section of a brief).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendant's motion to dismiss is DENIED.  (Rec. Doc. No. 5.)


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge